# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **MOHAMMED Y. ALAM,** | Bankruptcy No.17-13077 |
| Debtor. | Honorable Jacqueline P. Cox |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **Tuesday**, **August 20, 2019 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jacqueline P. Cox in her usual Courtroom 680, in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before any other judge who may be sitting in his place or stead, and shall then and there present *Trustee's Motion to Approve Sale Free and Clear of Liens, Encumbrances and Interests and Shorten Notice* a copy of which is attached hereto and herewith served upon you.

Dated: August 9, 2019

Respectfully submitted,

**Frank Kokoszka,** not individually but as the chapter 7 trustee of the bankruptcy estate of **MOHAMMED Y. ALAM**,
By:  /s/      *Zane L. Zielinski*
  One of her attorneys

Zane L. Zielinski (6278776)
**THE LAW OFFICE OF**
   **ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191
f.  815-846-8516
e.  trustee@zanezielinski.com

{00048127}

**Certificate of Service**

    Pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused on **August 9 2019**, a copy of the foregoing *Notice of Motion* and the accompanying *Trustee's Motion to Approve Sale Free and Clear of Liens, Encumbrances and Interests* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List and via U.S. mail on all creditors (without exhibit A). A copy of the exhibit is available upon request.

                                                             /s/ *Zane L. Zielinski*

**Registrants**
(Service via ECF)

- **Paul M Bauch**     pbauch@lakelaw.com, smohan@lakelaw.com
- **Michael J Kalkowski**    mkalkowski@fisherandshapirolaw.com, BK_IL_Notice@fisherandshapirolaw.com
- **Michael J Kalkowski**    mkalkowski@logs.com, BK_IL_Notice@fisherandshapirolaw.com
- **Frank J Kokoszka**    trustee@k-jlaw.com, fkokoszka@ecf.epiqsystems.com
- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **Kenneth A. Michaels**    kmichaels@lakelaw.com, smohan@lakelaw.com
- **Lauren Newman**    lnewman@thompsoncoburn.com, chicagodocketing@thompsoncoburn.com;aversis@thompsoncoburn.com;bray@thompsoncoburn.com
- **Carolina Y. Sales**    csales@lakelaw.com, smohan@lakelaw.com
- **Zane L Zielinski**    trustee@zanezielinski.com, fax@zanezielinski.

**VIA US MAIL**

Fatima Mohammed Alam
17 Natoma Dr.
Oak Brook IL 60523

Commonwealth Edison Company
Attn: Bankruptcy Department
1919 Swift Drive
Oakbrook Terrace, IL 60523

BENJAMIN J. ROONEY
Keay & Costello, P.C.
128 S. County Farm Road
Wheaton, IL 60187

Barbara Q. Reynolds
DuPage County Treasurer
503 N. COUNTY FARM ROAD
WHEATON, IL 60187

Illinois Department of Revenue
Bankruptcy Section
PO Box 19035
Springfield, IL 62794-9035

Loyola University Medical Center
2160 S. First Ave.
Maywood, IL 60153

Old Oak Brook Corporation
c/o Keay & Costello, P.C.
128 s. County Farm Road
Wheaton, IL 60187

United State Attorney
United States Department of Justice
attn.: David Harold DeCelles
219 S. Dearborn St.
Chicago, IL 60604

Office of the Illinois Attorney General
Attn: James Douglas Newbold
100 West Randolph Street
Suite 13-222
Chicago, IL 60601-3218

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101

United States Attorney
Civil Process Clerk
219 South Dearborn Street, Room 500
Chicago, Illinois 60604

D. Patrick Mullarkey
Tax Division (DOJ)
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**MOHAMMED Y. ALAM,**<br><br>　　　　　Debtor. | Chapter 7<br><br>Bankruptcy No.17-13077<br><br>Honorable Jacqueline P. Cox |

**TRUSTEE'S MOTION TO APPROVE SALE FREE AND CLEAR OF LIENS,
ENCUMBRANCES AND INTERESTS AND SHORTEN NOTICE**

Frank Kokoszka (the "Trustee"), not individually, but as the chapter 7 trustee of the bankruptcy estate of **MOHAMMED Y. ALAM** (the "Debtor"), respectfully requests that the Court enter an order pursuant to section 363(f)(h) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure approving the sale contract between the Trustee and **Saj Rizvi** or his nominee (collectively, the "Buyer") attached hereto as **Exhibit A** (the "Sale Contract"), related to the sale of the property commonly known as 17 Natoma Drive Oak Brook, IL 60523-7711 (the "Real Estate") for $**2,525,000**. In support of this motion, the Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**

The Real Estate is encumbered by a first mortgage to PHH Mortgage Corporation (the "First Mortgage") of approximately $1,782,455.02, a second mortgage owned by Webster Bank (the "Second Mortgage") in the amount of $430,000[1] and unpaid assessments owed to Old Oak Brook Corporation (the "Association") for the approximate amount of $12,625. Further, the Real Estate is encumbered by federal tax liens totaling $450,000 (the "Federal Liens"), and liens from the state of Illinois in the approximate amount of $18,000 (the "State Liens").

Based on the value of the Sale Contract, the Trustee is seeking to sell the Real Estate free and clear of the liens of the interest of Fatima Mohammed Alam, along with the First Mortgage, the Second Mortgage, the Association, the Internal Revenue Service, and State of Illinois. Based

---

[1] In order to facilitate the sale, Webster Bank has agreed to reduce its mortgage claim from $490,000 to $430,000.

on the value of the Real Estate, any surplus funds will be used to pay down the IRS or the state of Illinois depending on priority of their liens.

From the proceeds of the sale the Trustee will pay in full the consensual liens of First Mortgage, the reduced amount of the Second Mortgage, the Association, the closing costs, the administrative expenses as provided for under section 724 of the bankruptcy code[2], with any and all remaining funds to be paid toward satisfying the Federal Liens or State Liens depending on the priority.  **Further, the Trustee shall pay to the Debtor and his non-debtor spouse Fatima Mohammed Alam the amount of $35,000 in settlement of any ownership interest or exemption in the Real Estate.**

## JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "Case") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## THE REAL ESTATE

4. On July 11, 2018, (the "*Petition Date*"), this Case was converted from a chapter 11 to a chapter 7 under chapter 7 of title 11, United States Code (the "*Bankruptcy Code*").

5. The Trustee is the duly appointed Trustee in this case.

6. Among the assets of the Estate is the Real Estate.

7. The Debtor scheduled the Real Estate with a value of $4,000,000, secured by a mortgage of approximately $2.2 million.  In addition the Real Estate is subject to Federal Liens, and state liens, and unpaid homeowner's association.

8. The Trustee completed an inspection of the Real Estate and concluded it had a liquidation value of approximately $2.8 million (the "*Liquidation Value*").  The Real Estate has condition issues.

---

[2] Section 724 of the bankruptcy code provides that the Trustee can liquidate property subject to tax liens and pay her administrative costs related to the sale.

9. On April 25, 2019, the Trustee retained Adam Wolverton and Berkshire Hathaway Home Services Koenig Rubloff Realty Group (collectively, the "Broker"). The Buyer's commission previously approved is calculated as 5% of the gross sale price plus $495.

10. The Broker has agreed to reduce their commission to $100,000 – a reduction of $26,250.

11. After marketing the Real Estate, the Trustee negotiated up to the purchase price of $**2,525,000**. The Buyer originally offered a lower price, but it was increased after discussions with the lenders.

12. Pursuant to the terms of the Purchase Agreement, the Buyer deposited an initial $25,000 in earnest money, and the closing will occur in September.

## RELIEF REQUESTED

13. Pursuant to 11 U.S.C. §§ 363(f), the Trustee respectfully requests the entry of an order authorizing the Trustee to sell the Real Estate to the Buyers on the terms set forth in the Purchase Agreement, free and clear of any encumbrances, liens or interests, including the liens of the First Mortgage, the Second Mortgage, the Association, the IRS and the State of Illinois. .

14. The First Mortgage is owed approximately $1.7 million. The Second Mortgage has agreed to a reduced payoff of $430,000. In addition, the Trustee will pay the Association the amount of $12,625.

15. In addition, the Trustee requires authority to pay to the Debtor the amount of $15,000 as final resolution of his exemption, and $20,000 to Fatima Mohammed Alam as final resolution of her claimed interest in the Real Estate. Pursuant to section 363(h) of the Bankruptcy Code the sale of the Real Estate shall be free of the interest of Fatima Mohammed Alam.

16. The Trustee further requests authority to pay at the time of and from the proceeds of the closing, the following: (i) any unpaid real estate taxes; (ii) the real estate commission owed to the Broker in the amount of $100,000; (iii) the usual and customary costs of closing the sale, including, but not necessarily limited to title charges, recording charges, transfer tax, survey, homeowner's assessments, water bills, and utility reimbursement; (iv) the First Mortgage of $1.7 million; (v) the Second Mortgage in the agreed amount of $430,000; and (vi) the Association the amount of $12,625.

## BASIS FOR APPROVING SALE CONTRACT

17. In determining whether to approve a sale outside the ordinary course of business, various standards have been used, including a business judgment test, a good faith test determining whether the sale is fair and equitable, and a test to assess whether the transaction is in the best interest of the estate. *See, e.g., In re Olde Prairie Block Owner, LLC*, 2011 WL 1692145, *7 (Bankr. N.D. Ill. May 3, 2011); *In re Zeigler,* 320 B.R. 362, 381 (Bankr. N.D. Ill. 2005).

18. The Seventh Circuit has held that such a sale may be approved where the trustee has an "articulated business justification." *In re Schipper,* 933 F.2d 513, 515 (7th Cir. 1991); *see also In re Telesphere Communications, Inc.,* 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999).

19. Moreover, a trustee's business judgment is entitled to substantial deference with respect to the procedures to be used in selling an estate's assets. *Id., In re Integrated Resources, Inc.*, 147 B.R. 650, 656-57 (S.D.N.Y. 1992). The paramount goal in any proposed sale of property of the estate is to maximize the estate. *See, e.g., Corp. Assets, Inc. v. Paloian*, 368 F.3d 761, 765 (7th Cir. 2004) (in a bankruptcy sale, the "governing principle . . . is to secure the highest price for the benefit of the estate and creditors).

20. The Trustee respectfully submits that in the exercise of his business judgment, the Sale Contract is both fair and equitable and in the best interests of the Debtor's estate.

21. The Real Estate has been marketed for an extended period of time, and this Sale Contract represents the highest and best offer received to date.

## NOTICE

19. The Trustee has served eleven days' written notice of this motion on all creditors and, any parties that claims an interest in the Real Estate. In order to timely facilitate the sale of the Real Estate, the Trustee requests this court approve the shortened and limited notice.

**Wherefore**, the Trustee respectfully requests that this Court to enter an order:

A. Approving the Trustee's sale of the real estate commonly known as 17 Natoma Drive Oak Brook, IL 60523-7711 to the Buyer for the Purchase Price, free and clear of all liens, encumbrances, and interests including free of the interests;

B. Authorizing and approving the Trustee to pay from the sale proceeds from the Real Estate: (i) any unpaid real estate taxes and any unpaid assessments; (ii) the real estate commission owed to the Broker in the amount of $100,000; (iii) the usual and customary costs of

closing the sale, including, but not necessarily limited to title charges, transfer tax, survey, utility reimbursement, and real estate tax pro-rations, if any; (iv) the First Mortgage, the Second Mortgage and the Association;

   C. Authorizing the Trustee to execute any documents as may be reasonable and necessary to consummate the sale of the Real Estate to the Buyer, including but not limited to executing a deed transferring the Real Estate to the Buyer on behalf of the Debtor's Estate;

   D. Authorizing the payment of $15,000 to the Debtor and $20,000 to Fatima Mohammed Alam;

   E. Determining the notice given of the Motion to be sufficient, and that no further notice is required; and

   F. Granting such other and further relief as this Court deems fair and just;

Dated: August 9, 2019        Respectfully submitted,

              **Frank Kokoszka,** not individually but as the
              chapter 7 trustee of the bankruptcy estate of
              **MOHAMMED Y. ALAM**,
              By: /s/  *Zane L. Zielinski*
               One of her attorneys

Zane L. Zielinski (6278776)
**THE LAW OFFICE OF**
 **ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191
f.  815-846-8516
e.  trustee@zanezielinski.com